IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RALPH HUBERT § | |
| § | |
| v.  § | CASE NO.  A-06-CA-473 SS |
| § | |
| MICHAEL J. ASTRUE,[1] § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court are:  Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration finding that Plaintiff is not disabled within the provision of the Social Security Act;  Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 14); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 17). Also before the Court is the Social Security Record filed in this case (Cited as "Tr.").

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On October 6, 2003, Plaintiff Ralph Hubert ("Plaintiff") applied for Disability Insurance Benefits and Supplemental Security income under Title II and Title XVI of the Social Security Act

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007.  Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Jo Anne B. Barnhart as the Defendant in this lawsuit.

("Act"), alleging an inability to work since February 6, 2003, due to lower back problems, foot problems and ulcers. The Commissioner denied his Application initially and on reconsideration. After conducting a hearing on Plaintiff's Application, the Administrative Law Judge issued a decision on October 25, 2005, finding that Plaintiff is not disabled within the meaning of the Act. On May 19, 2006, the Appeals Council denied Plaintiff's Request for Review of the Administrative Law Judge's decision, making it the Final Decision of the Commissioner. On June 21, 2006, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying Plaintiff benefits under the Act.

## II.  THE HEARING BEFORE THE ALJ

On July 28, 2005, Administrative Law Judge Marguerite Lokey ("ALJ"), held a hearing on Plaintiff's Application for benefits. Plaintiff testified at the hearing and was represented by Kenneth R. Honeycutt, a non-attorney. Ilene Gray, a vocational expert, also testified at the hearing.

**A.      Plaintiff's Testimony**

Plaintiff testified that he was born on April 3, 1957, and thus was forty-eight years-old at the time of the hearing. Regarding his education, Plaintiff testified that he dropped out of high scholl after completing the 11th Grade.

Plaintiff testified that he has not engaged in any work activity since June of 2003, when he injured his back while pouring concrete for a masonry company. Tr. 247. Although Plaintiff stated that the severe back pain prevented him from returning to his job, he also stated that he did not consult a physician for the pain until August or September of 2003 due to the expense. Tr. 248. Plaintiff further stated that his past work history included pouring concrete for several different construction companies.

Plaintiff further testified that he suffers from constant back pain and stated that on some days the pain is so severe that he is unable to get out of bed. Plaintiff stated that he suffers from pain primarily in his back, but also experiences pain in his neck, shoulders and legs. Plaintiff also testified that he uses a cane for balance. Plaintiff stated that he has been prescribed Vicodin and Hydrocodone for the pain, and Skelaxin for his bones and joints. However, Plaintiff testified that the medication does not entirely alleviate his pain and stated that it makes him drowsy. Plaintiff testified that he has not had surgery because his insurance "won't cover it." Tr. 253.

Plaintiff further testified that he is unable to drive or dress himself due to his back pain. Plaintiff also stated that he is unable to bend, stoop, crouch or reach due to the pain. Plaintiff also testified that he is only able to sleep three to four hours a night due to the pain. However, Plaintiff also stated that he attends church every Sunday.

**B.      Vocational Expert's Testimony**

Ilene Gray testified as the vocational expert ("V.E.") in the case. The V.E. testified that Plaintiff's past relevant work as a construction worker would be classified as heavy, unskilled work with a SVP of 2, and that his construction job overseeing a crew of workers would be classified as heavy, semi-skilled with a SVP of 4.

The V.E. testified that a hypothetical individual who could perform only sedentary work, who was also limited in reaching, pushing and pulling, could perform certain sedentary, unskilled work such as a semi-conductor dyes loader, an assembler in optical goods, and a waxer in the glass products industry. The V.E. further testified that the same hypothetical individual who was further limited by the need to avoid chemicals, vibrations, moving machinery, and heights, would also be able to perform the above-jobs. However, the V.E. testified that a hypothetical individual who had

to miss up to three work days per month due to pain would not be able to perform any gainful employment. Similarly, the V.E. testified that a hypothetical individual who was in constant pain and had problems with concentration for 20% of the time would also not be able to perform any jobs in the national or local economy.

### III.  FINDINGS OF ADMINISTRATIVE LAW JUDGE

After review of the medical evidence, consideration of Plaintiff's testimony, the vocational expert's testimony, as well as consideration of Plaintiff's alleged disabling impairments, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ found that Plaintiff had severe impairments of degenerative disc disease of lumbar spine and osteoarthritis, but found that such impairments did not meet the Listing of Impairments. The ALJ found that Plaintiff's allegations regarding his limitations were not entirely credible in light of the objective medical evidence.

The ALJ opined that Plaintiff had the residual functional capacity to lift and carry no more than ten pounds; stand and/or walk no more than two hours in an eight-hour workday; sit no more than six hours in an eight-hour workday with frequent rather than constant reaching and pulling; and that Plaintiff could not have any exposure to vibrations, moving machinery, or heights. Although the ALJ found that Plaintiff could not perform his past relevant work as a construction worker, he found that Plaintiff could perform a significant range of sedentary work, such as a semi-conductor dye loader, a final assembler of optical goods, and a waxer in the glass products industry. Accordingly, the ALJ concluded that Plaintiff was not under a "disability" as defined in the Social Security Act.

## IV. ISSUES BEFORE THE COURT

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Plaintiff argues that the ALJ failed to properly evaluate the credibility of the Plaintiff's testimony regarding his mental and physical limitations and thus failed to comply with the requirements of 20 C.F.R. § 404.1529. Plaintiff also argues that the ALJ's finding that Plaintiff has the residual functional capacity to perform sedentary work is not supported by substantial evidence. Lastly, Plaintiff argues that the ALJ failed to give proper weight to the records and opinions of Plaintiff's treating physicians.

## V. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) her age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett*

*v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

## VI.  ANALYSIS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. § 404.1520 (1999). First, the claimant must not be presently working at any substantial gainful activity.[2] Second, the claimant must have an impairment of combination of impairments that is severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to her past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education, and past work experience. 20 C.F.R. § 404.1520.

---

[2] Substantial gainful activity is work activity that is both substantial and gainful. Substantial work activity is work activity that involves doing significant physical or mental activities. Gainful work activity is work activity that an individual performs for pay or profit. 20 C.F.R. 416.972.

At steps one through four, the burden of proof rests upon the claimant to show she is disabled. *Crowley*, 197 F.3d at 198. If the claimant acquits her responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment that claimant is capable of performing in spite of her existing impairments. *Id.* If the Commissioner meets this burden, the claimant must then prove she in fact cannot perform the alternate work. *Id.*

**A.        Did the ALJ properly evaluate the credibility of the Plaintiff?**

Plaintiff argues that the ALJ failed to properly evaluate the credibility of his testimony regarding his pain, limitations and other subjective symptoms, as is required by 20 C.F.R. § 404.1529.

Pain constitutes a disabling condition under the Social Security Act only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983)). The Social Security regulations provide for a two-step process to be used in evaluating whether subjective complaints of pain contribute to a finding of disability. 20 C.F.R. § 404.1529. For pain to contribute to a finding of disability, the claimant must first establish, by medical signs and laboratory findings, the presence of a medically determinable physical impairment which could reasonably be expected to produce the pain alleged. *Id.* Once such an impairment is established, allegations about the intensity and persistence of pain must be considered in addition to the medical signs and laboratory findings in evaluating the impairment and the extent to which it affects the claimant's capacity for work. *Id.* Although the ALJ must consider subjective evidence of pain, it is within his discretion to determine its debilitating nature, and such determinations are entitled to considerable deference. *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). Thus, the ALJ "may properly challenge the

credibility of a claimant who asserts he is disabled by pain." *Allen v. Schweiker*, 642 F.2d 799, 801 (5th Cir. 1981).

When assessing the credibility of a claimant's statements, the ALJ is required to consider: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

In accordance with the requirements of the above-Social Security rulings and regulations, in determining the credibility of Plaintiff's subjective symptoms, the ALJ considered the entire case record, including the objective medical evidence, Plaintiff's own statements about his symptoms, the factors listed in 20 C.F.R. § 404.1529,[3] and statements and other information by treating and consulting physicians. The ALJ concluded that Plaintiff's degenerative disc disease and osteoarthritis "are impairments which could cause pain, but not to the extent alleged [by Plaintiff]."

---

[3]While the ALJ listed the seven factors mentioned in 20 C.F.R. § 404.1529(c)(3)(i)-(vii) in her opinion, Plaintiff complains that she did not sufficiently address each of these factors in her opinion. The Court disagrees. "The ALJ is *not* required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility." *Clary v. Barnhart*, 214 Fed. Appx. 479, 482 (5th Cir. 2007) (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)). *See also*, *Hillman v. Barnhart*, 170 Fed. Appx. 909, 913 (5th Cir. 2006) (upholding ALJ ruling even though ALJ did not address each regulatory factor for claimant's alleged disabling pain). As discussed in detail below, the Court finds that the ALJ properly evaluated Plaintiff's subjective complaints in accordance with the regulations.

Tr. 18.  The ALJ reasoned that Plaintiff's statements concerning his impairments and his ability to work were not credible "in light of the claimant's own description of his activities of daily living, discrepancies between the claimant's assertions and information contained in the documentary reports, the findings made on examination, and the claimant's assertions concerning his ability to work."  Tr. 18.  For example, although Plaintiff testified that his daily activities were fairly limited (such as not being able to drive or get dressed on his own, unable to walk for more than a block, etc.), the ALJ found that such limitations could not be objectively verified in the medical records. Tr. 18.  The Fifth Circuit has "recognized that an absence of objective factors indicating the existence of severe pain – such as limitations in the range of motion, muscular atrophy, weight loss, or impairment of general nutrition-can itself justify the ALJ's conclusion." *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988).

The ALJ further noted that even if Plaintiff's daily activities were as limited as alleged, "it is difficult to attribute that degree of limitation to the claimant's medical condition as opposed to other reasons, in view of the relatively weak medical evidence."  Tr. 18.  The ALJ noted that Plaintiff's treating physician had noted few objective findings for Plaintiff's pain other than Plaintiff's own subjective complaints.  Tr. 19.  In addition, although Plaintiff had been prescribed pain medication, the ALJ noted that the medical records did not show that Plaintiff required more aggressive treatment (*i.e.*, physical therapy, injections, or surgery) for his pain management. Although Plaintiff testified that he needed a walker to ambulate effectively, the ALJ noted that the objective medical evidence in the record did not support this assertion.  Tr. 17.

In rejecting the claimant's credibility, the ALJ also considered findings from Dr. Robert Stroud, M.D., who performed a consultative medical examination of Plaintiff on May 29, 2004.  Dr.

Stroud observed that Plaintiff was exaggerating his symptoms and that his reactions during the examination were clearly out of proportion to the physical findings. Tr. 153-54. The ALJ also noted that although Plaintiff had been given an opportunity to submit additional medical records to the ALJ after the hearing, Plaintiff failed to do so. Tr. 19. The ALJ also pointed out that despite Plaintiff's testimony "that he did little or nothing" due to his pain, in January 2005 Plaintiff had reported to his treating physician, Dr. Rajeev Gupta, that he was working on becoming an assistant pastor at his church. Tr. 189-90. Inconsistencies between a claimant's testimony about his limitations and his daily activities are "quite relevant in evaluating his credibility." *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990). After reviewing all of the evidence of record, the ALJ concluded that "claimant's allegations of total disability was not supported by the objective evidence of record when considered as a whole and therefore not credible to the extent alleged." Tr. 19. "It must be remembered that '[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled.'" *Harrell*, 862 F.2d at 480 (quoting *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir.1983)). The ALJ applied the correct legal standard in evaluating Plaintiff's pain, and there is substantial evidence in the record to support her conclusion that his pain is not as limiting as he reports.

**B.    Did the ALJ give proper weight to the opinions of Plaintiff's treating physicians?**

Plaintiff next argues that the ALJ erred by rejecting the opinions of his treating physician, Dr. Rajeev Gupta, without first applying the detailed six-step analysis set forth in the regulations and in *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). Plaintiff complains that the ALJ ignored Dr. Gupta's assessment of Plaintiff's residual functional capacity and his notations in the record indicating that Plaintiff suffers from numbness, fatigue, pain, headaches, anxiety and depression.

1.   **Consideration of treating physician's opinions**

The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir.1995). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing 20 C.F.R. § 404.1527(d)(2)).

"Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status." *Newton*, 209 F.3d 455. Therefore, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Id.* Moreover, the treating physician's opinions are not conclusive and their opinions may be assigned little or no weight when good cause is shown. *Id*. at 455-56. "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456. However, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." Section 404.1527(d)(2) requires consideration of:

(1) the physician's length of treatment of the claimant,

(2) the physician's frequency of examination,

(3) the nature and extent of the treatment relationship,

(4) the support of the physician's opinion afforded by the medical evidence of record,

(5) the consistency of the opinion with the record as a whole; and

(6) the specialization of the treating physician.

**2.     Dr. Gupta's Opinions**

In the instant case, Plaintiff's treating physician, Dr. Rajeev Gupta, treated Plaintiff from November 2003 to the present. The medical records reveal that Plaintiff first visited Dr. Rajeev Gupta, an internal medicine specialist, on November 10, 2003, for a state-ordered disability evaluation. Tr. 165. Dr. Gupta noted that x-rays of Plaintiff's feet and lumbar spine showed mild degenerative changes. However, Dr. Gupta noted that Plaintiff had a full range of motion in his back and straight leg raising was 90 degrees bilaterally. Dr. Gupta found that there was no evidence of radiculopathy and that Plaintiff had a normal gait and could walk without any difficulty. Dr. Gupta opined that Plaintiff would benefit from arch supports, exercises and conservative modalities. Tr. 165. Dr. Gupta diagnosed Plaintiff with low back pain, secondary to lumbar spondylosis and athlete's foot.

After the consultative examination, Plaintiff continued to see Dr. Gupta for back pain. An MRI of Plaintiff's lumbar spine in May 2004 revealed moderate multilevel degenerative disc disease. Tr. 213. Thereafter, Dr. Gupta diagnosed Plaintiff with degenerative joint disease and prescribed Plaintiff Skelaxin, Vicodin, and Neurontin. Tr. 184-191. Thereafter, Plaintiff reported to Dr. Gupta that the medicine was helping to alleviate his pain, and that he was even going to start working as

an assistant pastor at his church.  Tr. 189.  An x-ray of Plaintiff's cervical spine on April 4, 2005, revealed moderate multilevel degenerative changes.  Tr. 205.

The medical records also reveal that Dr. Gupta had prescribed Plaintiff Paxil after he had reported feeling depressed and anxious. Tr. 189.  During his next appointment, Plaintiff reported that the medication was very helpful and that he was no longer having anxiety attacks.  Tr. 190.  Dr. Gupta noted that Plaintiff was "visibly happier, eyes brighter, and smiling."  Tr. 190.

Although the medical records do not contain any statement from Dr. Gupta indicating that Plaintiff is unable to work and is completely disabled, Dr. Gupta did complete a medical assessment form on Plaintiff in July 2005 which placed severe limitations on Plaintiff's ability to perform work-related activities.  Tr. 174-75.  In the report, Dr. Gupta opined that Plaintiff could only lift five pounds occasionally or frequently; stand or walk for two hours in an eight hour workday; and sit for six hours out of an eight hour workday.  Tr. 174.  Dr. Gupta further opined that Plaintiff could not reach, push or pull, or work around heights, machinery, chemical exposure or vibrations.  Tr. 175.  After the hearing before the ALJ, Dr. Gupta prescribed Plaintiff a walker based on Plaintiff's subjective reports of having problems with walking and balance.  Tr. 221.

      **3.**      **Did the ALJ improperly ignore Dr. Gupta's Opinions?**

Contrary to Plaintiff's assertions, the ALJ did not entirely reject the opinions of Plaintiff's treating physician and, in fact, incorporated many of his opinions into her Opinion.  For example, the ALJ adopted Dr. Gupta's assessment that Plaintiff had severe impairments of lumbar spine and osteoarthritis.  Tr. 16.  Although the ALJ agreed with the majority of the findings in Dr. Gupta's RFC assessment (*e.g.*, that Plaintiff's was limited to standing and/or walking no more than two hours in an eight-hour workday; sitting for no more than six hours in an eight-hour workday; limited

reaching and pulling, and no exposure to vibrations, moving machinery or heights),[4] the ALJ disagreed with any interpretation of Dr. Gupta's findings that Plaintiff's impairments precluded his ability to perform any work. As the ALJ explained, "[t]o the extent that Dr. Gupta may not have believed that the claimant could perform work within the RFC found in this decision, the undersigned rejects the opinion as not supported by objective evidence and as contrary to other evidence in the record, including objective findings in both Dr. Gupta's examination of the claimant and Dr. Stroud's examination." Tr. 19. The ALJ decision to not entirely rely on Dr. Gupta's findings "to the extent that he believed that Plaintiff was disabled" was entirely proper. First, the ALJ has sole responsibility for determining a claimant's disability status, and any opinion from Dr. Gupta regarding Plaintiff's disability determination, a decision reserved to the ALJ, is not entitled to any special significance under the regulations. *Cain v. Barnhart*, 193 Fed. Appx. 357, 360 (5th Cir. 2006); 20 C.F.R. § 404.1527(e)(1)-(3). *See also*, *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir. 2007) (finding that physician's statement that claimant was disabled was not entitled to any special significance under the regulations).

In addition, the Court finds that the ALJ was not required to perform the detailed analysis of Dr. Gupta's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2) since there was good cause to reject some of Dr. Gupta's views and there was competing first-hand medical evidence contradicting some of his views. *See Walker v. Barnhart*, 158 Fed. Appx. 534 (5th Cir. 2005) (interpreting *Newton* as not requiring six-step analysis in the face of competing first-hand medical evidence). As discussed in her Opinion, the ALJ noted that some of Dr. Gupta's findings were inconsistent with the objective medical evidence. For example, although Plaintiff submitted to the

---

[4] Tr. 19.

ALJ a copy of a prescription for a walker from Dr. Gupta (which was prescribed after the hearing), the ALJ noted that there was no objective medical evidence in the record to demonstrate that Plaintiff actually needed the walker to ambulate effectively. The ALJ pointed out that Dr. Gupta had previously noted in the medical records that Plaintiff could walk without difficulty. Tr. 165. Other than Plaintiff's own subjective complaints, there is no medical evidence in the record showing that Plaintiff's condition significantly worsened over time. In fact, Dr. Gupta's own findings show that Plaintiff's condition improved with medication. Conditions controlled or controllable by treatment are not disabling. *Epps v. Harris*, 624 F.2d 1267, 1270 (5th Cir. 1980).

The ALJ also relied on Dr. Robert Stroud's findings in determining that Plaintiff retained the RFC to perform limited sedentary work. As noted above, Dr. Stroud examined Plaintiff in May 2004 and found that although Plaintiff did indeed have osteoarthritis and cervical and lumbar degenerative joint and disc disease, there was no evidence of radiculopathy. Dr. Stroud further found that Plaintiff was exaggerating his symptoms and that his complaints of pain were out of proportion to the physical findings. Tr. 153-54.

Plaintiff also complains that the ALJ ignored Dr. Gupta and Dr. Stroud's findings that Plaintiff suffered from pain, anxiety and depression. As noted above, the ALJ thoroughly considered Plaintiff's complaints of pain in his disability determination. Accordingly, Plaintiff's complaints to the contrary are misplaced.

Regarding, Plaintiff's alleged anxiety and depression, it is telling that Plaintiff failed to allege either in his disability applications or during the hearing before the ALJ that he is disabled because of anxiety and depression. *See* Tr. 41. Regardless, however, the ALJ clearly considered all of Plaintiff's impairments in her disability determination. While Plaintiff argues that the ALJ failed

15

to properly consider Plaintiff's anxiety, depression and related symptoms, the medical records do not show that any physician has ever opined that Plaintiff is disabled because of anxiety or depression. *See Hollis v. Bowen*, 837 F.2d 1378, 1387 (5th Cir. 1988) (the absence of medically imposed significant restrictions bears upon Plaintiff's credibility with respect to the effects of her limitations on her ability to work). Rather, Dr. Gupta merely noted that Plaintiff reported on a couple of occasions of feeling depressed and anxious. *See* Tr. 189. In response, Dr. Gupta prescribed Plaintiff Paxil, which seemed to alleviate Plaintiff's symptoms. *See* Tr. 190. After taking the medication, Plaintiff reported that it was very helpful and that he was no longer having anxiety attacks. Tr. 190. Dr. Gupta noted that Plaintiff was "visibly happier, eyes brighter, and smiling." Tr. 190. *See Johnson v. Bowen*, 864 F.2d 340, 346 (5th Cir. 1988) (holding that claimant was not disabled where medical records showed that claimant responded to antidepressant medication and treatment). Plaintiff also reported to Dr. Gupta in January 2005 that he was working on becoming an assistant pastor at a new church. Tr. 190. Accordingly, the ALJ was not required to have found that Plaintiff suffered from severe impairments of anxiety and depression.

Based upon the foregoing discussion, the Court finds that the ALJ properly considered the medical evidence, including the opinions of Plaintiff' treating physicians, in making her disability determination in this case in accordance with the Social Security Regulations.

**C.   Does substantial evidence support the ALJ's finding that Plaintiff can perform sedentary work?**

Plaintiff argues that the ALJ's finding that Plaintiff has the residual functional capacity ("RFC") to perform certain sedentary work is not supported by substantial evidence. Specifically, Plaintiff complains that his back and hand pain prevent him from performing the sedentary jobs identified by the ALJ.

The ALJ is responsible for determining the claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. § 404.1546. The regulations require the ALJ to determine the RFC of the claimant by considering all of the relevant evidence and addressing the claimant's exertional and non-exertional limitations. *See* 20 C.F.R. § 404.1545; Social Security Ruling 96-8p.

After considering all of the medical evidence, the hearing testimony, and Plaintiff's own subjective complaints of pain, the ALJ concluded that Plaintiff had the RFC to lift and carry no more than ten pounds; stand and/or walk no more than two hours in an eight-hour workday; sit no more than six hours in an eight-hour workday with frequent rather than constant reaching and pulling; and that Plaintiff could not have any exposure to vibrations, moving machinery, or heights. Although the ALJ found that Plaintiff could not perform his past relevant work as a construction worker, she found that Plaintiff could perform a significant range of sedentary work, such as a semi-conductor dye loader, a final assembler of optical goods, and a waxer in the glass products industry.

Plaintiff argues that he would not be able to perform the jobs identified by the ALJ – dye loader, final assembler or waxer – because is unable to repetitively use his hands on a regular basis due to hand pain. Interestingly, however, Plaintiff failed to allege either in his disability application or during the hearing before the ALJ that he is disabled due to hand pain. Plaintiff's application only alleges that he is disabled due to foot and back pain. *See* Tr. 90.

Moreover, Plaintiff specifically testified during the hearing before the ALJ that the only medical impairment which prevented him from working was back pain:

ALJ:       Now, is there anything other than your back that is causing you problems that would prevent you from working?

Claimant:  Just, my back.

Tr. 254.

In addition, the medical records do not show that Plaintiff was ever diagnosed with debilitating, severe hand pain. *See Hollis*, 837 F.2d at 1387. Accordingly, the ALJ did not commit error in failing to find that Plaintiff suffered from disabling hand pain.

Plaintiff also argues that the ALJ's RFC determination is erroneous because the ALJ ignored the fact that Plaintiff is unable to attend work on a regular basis due to his pain. Plaintiff points out that the vocational expert testified that three absences per month would preclude Plaintiff from maintaining gainful employment. However, this testimony has no support in the objective medical evidence and the ALJ need not rely on vocational expert testimony in response to a hypothetical containing assumptions that the ALJ ultimately rejects as unsupported by the evidence. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (agreeing with the district court that the ALJ's hypothetical reasonably incorporated the disabilities recognized by the ALJ). As discussed in detail earlier in this Opinion, the ALJ properly evaluated Plaintiff's subjective complaints of pain in accordance with the regulations and determined that they were not entirely credible. It is within the ALJ's discretion to determine the debilitating nature of the claimant's pain and such determinations are entitled to considerable deference. *See Jones*, 829 F.2d at 527. Because the ALJ considered all of the relevant evidence in the record and made the requisite findings under the regulations, the Court finds that there was no error in her assessment of Plaintiff's RFC.

### D.     Conclusion

Based upon the foregoing, the Court finds that the Commissioner's decision is supported by substantial evidence and correctly applies the relevant legal standards. Accordingly, the Commissioner's final decision that Plaintiff is not disabled within the meaning of the Social Security Act should be affirmed and Plaintiff's Complaint should be dismissed in its entirety.

## VII. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VIII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this the 23rd day of July, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE